# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. DOMINO,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>    Defendants.             / | Case No. 1:19-cv-01790-NONE-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff June M. Domino, proceeding pro se, filed a complaint on December 23, 2019, against California Correctional Healthcare Services and "AFSCME Local 2620." (Doc. 1.) Plaintiff purports to allege claims for employment discrimination under unspecified "Federal Statutes" and "Federal Treaties." (*Id*.) She demands "$44 Million" in damages. (Doc. 1-1.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on December 27, 2019. (Docs. 2 & 3.)

Plaintiff's complaint is now before the Court for screening. As discussed below, Plaintiff's allegations are conclusory and fail to plead cognizable federal claims. Plaintiff is granted leave to file a first amended complaint and is provided the pleading requirements and legal standards under which her claims will be analyzed.

## I.     SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints in cases where the plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject

to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of her complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II. DISCUSSION

### A. The Complaint

Plaintiff filed a 27-page complaint, comprised of a pre-printed form and one exhibit, which is a copy of an order entered in the case of *Coleman v. Newsom*, No. 2:90-cv-0520 KJM DB P, 2019 WL 6877885 (E.D. Cal. Dec. 17, 2019). (Doc. 1.) Plaintiff indicates this court has jurisdiction because she is bringing federal claims under "[F]ederal Statutes, as well as Federal Treaties provides [sic] that U.S. Citizens shall be protected from employment discrimination on the bases of Race, Age, Sex & Color for the purpose of ensuring that all citizen [sic] are treated equally as guaranteed under the laws of the U.S. Constitution." (*Id*.) Plaintiff appears to be generally alleging that she was treated unfairly at her last place of employment based on her membership in a protected class and that she was retaliated against for having taken some unspecified action against her employer. (*Id*.)

### B. Analysis

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, Plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to Plaintiff is obscured by the complaint, which contains 27 pages and no clear allegations of particular instances of violation of federal law, apart from legal conclusions that do not suffice to state a claim. There is also no indication what relevance, if any, the December 17, 2019 order in

3

*Coleman v. Newsom*, attached the complaint, has to Plaintiff's allegations.[1] Further, Plaintiff refers throughout her complaint to "Defendants" without identifying the specific wrongful acts that each Defendant performed and how each Defendant either caused Plaintiff harm or is responsible for Plaintiff's harm. In sum, the Court cannot tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief Plaintiff seeks.

1. <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant, regardless of the relief sought. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Dittman v. State of California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

Plaintiff names California Correctional Health Care Services as a defendant, but, as an agency of the state, it is entitled to Eleventh Amendment immunity. *See, e.g., Gomes v. Mathis*, No. CV 17–7022, 2018 WL 2085237, at *3 (C.D. Cal. May 3, 2018). The Eleventh Amendment does not, however, bar suits seeking damages against state officials/employees in their individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). Also, the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Pennhurst*, 465 U.S. at 102-06. Therefore, it does not preclude Plaintiff from naming as defendants those individuals involved in the alleged discriminatory and/or retaliatory conduct.

2. <u>Section 1983 and Equal Protection</u>

To the extent that Plaintiff seeks to assert a claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, there is no direct cause of action for constitutional amendments. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 ("Section

---

[1] The order in *Coleman v. Newsom* follows an evidentiary hearing on a whistleblower's complaint regarding the state's compliance with prior orders in a case concerning understaffing of mental health treatment in California prisons. *See id.*, No. 2:90-cv-0520 KJM DB P, 2019 WL 6877885 (E.D. Cal. Dec. 17, 2019).

4

1983") "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (plurality) (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To maintain a Section 1983 civil rights action, a plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Private conduct, however discriminatory or wrongful, is not proscribed by Section 1983. *See Aasum v. Good Samaritan Hospital*, 542 F.2d 792, 794 (9th Cir. 1976); *see also Jensen v. Lane Cty.*, 222 F.3d 570, 574 (9th Cir. 2000) ("Because § 1983 and the Fourteenth Amendment are directed at the states, the statute supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court."). For private conduct to constitute state action, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002) (internal quotes omitted). In the absence of this nexus, private conduct cannot constitute state action, and thus cannot violate an individual's constitutional rights, no matter how discriminatory that conduct may be. *See Aasum* 542 F.2d at 794 (finding that private conduct constitutes state action only when "the asserted discriminatory conduct is of constitutional dimension and results from action under color of state law and the State has 'significantly' involved itself with invidious discrimination that the prohibition results.") (citing *Reitman v. Mulkey*, 387 U.S. 369 (1967)). Here, Plaintiff has named as a defendant "AFSCME Local 2620," but has not alleged any facts that this defendant's actions should be considered those of the state for purposes of the Equal Protection Clause or Section 1983 liability. Therefore, she has not met her burden to plead an essential element of her Section

1983 claim against this defendant. *See, e.g., Pinkney v. Am. Med. Response, Inc.*, 520 F. App'x 502, 503–504 (9th Cir. 2013) (holding that the district court properly dismissed a Section 1983 claim against a service employees' union because the plaintiff failed to allege facts showing that the union was acting under color of state law); *Ramos v. Tacoma Community College,* No. C06-5241FDB, 2006 WL 2038050, at *2 (W.D. Wash. July 19, 2006) ("A labor organization that represents public employees is not by virtue of that fact a state entity for the purposes of Section 1983 claims.") (citing *Jordan v. Haw. Gov't Emp. Ass'n*, 472 F. Supp. 1123, 1130–1131 (D. Haw. 1979)).

Finally, "[t]he Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state an equal protection claim under Section 1983, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, where the claim is not that the discriminatory action is related to membership in an identifiable group, a plaintiff can establish an equal protection "class of one" claim by alleging that she as an individual "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, allegations that a defendant has merely done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Nails v. Haid*, No. SACV 12–0439 GW (SS), 2013 WL 5230689, at *3–5 (C.D. Cal. Sept. 17, 2013).

Here, Plaintiff does not allege that any defendant took any action because of Plaintiff's membership in an identifiable group or that any defendant treated her differently than other specifically-identified similarly situated people with no rational basis. Indeed, it is unclear whether Plaintiff is basing her equal protection claim on her membership in an identifiable class—as she fails to identify the class to which she belongs—or as a "class of one." Plaintiff has therefore failed to state a cognizable claim for a violation of the Fourteenth Amendment's Equal

Protection Clause.

### 3. Employment Discrimination

To the extent Plaintiff is pursuing a discrimination and/or retaliation action pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, *et seq.*, she must establish federal subject matter jurisdiction. *See Cerrato v. San Francisco Community College Dist.,* 26 F.3d 968, 976 (9th Cir. 2009) (Congress has abrogated Eleventh Amendment immunity with respect to Title VII claims). To establish such jurisdiction for a Title VII claim, a plaintiff must exhaust her remedies by filing an administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC) before commencing an action in federal court. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). Plaintiff has made no indication in her complaint that she has complied with the exhaustion requirement. Furthermore, implicit in 42 § U.S.C. § 2000e–2 is that there must be an employment relationship between the plaintiff and defendant for Title VII protections to apply. *See Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). The complaint is devoid of facts to establish the existence of an employment relationship with either of the named defendants.

Lastly, to have a valid Title VII cause of action, Plaintiff must assert *factual* allegations in her complaint that she was discriminated and/or retaliated against because of her race, color, religion, sex, age, disability or national origin. In her complaint, Plaintiff merely states that Defendants have "knowingly and willfully participated in criminal conduct designed to relegate Plaintiff into object poverty" and that she is a "member of a protected class." (Doc. 1 at 5, 6.) Plaintiff does not include facts as to what person or entity subjected her to discrimination and/or retaliation, and on what basis.

### 4. Jurisdiction of State Law Claims

Finally, Plaintiff is advised that federal courts can only adjudicate civil cases authorized by the United States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), 2) a federal question is presented, or 3) the United States is a party. *See* 28 U.S.C. §§ 1331 and 1332; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

If Plaintiff is unable to state a cognizable federal claim, such as a Section 1983 or Title VII claim, the only way Plaintiff would be able to bring a state law claim (such as defamation and negligence, *see* Doc. 1 at 6) in federal court is to establish complete diversity of citizenship, which would require that the parties are citizens of different states. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Plaintiff and all defendants are citizens of California. (*See* Doc. 1 at 2.) Therefore, diversity of citizenship cannot be established and this Court cannot adjudicate any state law claims unless Plaintiff states a cognizable federal claim.

### III. CONCLUSION AND ORDER

The Court finds Plaintiff has failed to state a cognizable federal claim against any defendant. As noted above, the Court will provide Plaintiff with an opportunity to amend her claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;
2. **Within twenty-one (21) days from the date of service of this order**, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal; and
3. **If Plaintiff fails to file an amended complaint in compliance with this order,**

**the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim, to prosecute, and to obey a court order.**

IT IS SO ORDERED.

Dated: __**March 3, 2020**__     _____/s/ *Sheila K. Oberto*_____
                                              UNITED STATES MAGISTRATE JUDGE