# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. DOMINO, Ph.D.,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:19-cv-01790-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION REGARDING "EX PARTE APPLICATION FOR ORDER TO SERVE AND STAY FIRST AMENDED [SIC] COMPLAINT"**<br><br>**(Doc. 12)**<br><br>**TWENTY-ONE (21) DAY OBJECTION DEADLINE** |

## I.   INTRODUCTION

Plaintiff June M. Domino, Ph.D., is proceeding pro se and *in forma pauperis* in this action against her former employer California Correctional Healthcare Services and labor union AFSCME Local 2620. (Docs. 2, 3, 10.) Following the screening of her original complaint, Plaintiff filed her First Amended Complaint, the operative pleading, on March 24, 2020. (Doc. 10.) Plaintiff alleges causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e et seq., for hostile work environment and retaliation, and alleges a cause of action under 42 U.S.C. § 1981 for racial discrimination. (*See id.*) Plaintiff also alleges a cause of action under state law for negligent supervision. (*See id.*)

In its second screening order dated May 8, 2020, the undersigned found that Plaintiff's First Amended Complaint did not state any cognizable claims and granted Plaintiff one final opportunity to amend her allegations. (*See* Doc. 11.) Plaintiff's amended pleading is due June 1, 2020. (*See id.*)

On May 12, 2020, Plaintiff filed a document titled "Ex Parte Application for Order to Serve and Stay First Ammended [sic] Complaint," requesting that the Court "order a comprehensive Federal Investigation into Defendants [sic] alleged acts of racism and retaliation" and issue a "Temporary Order sustaining Plaintiff's compensation until such time that a complete and comprehensive discovery of the facts are made known." (Doc. 12.)

## II.   DISCUSSION

### A.   Federal Investigation

Plaintiff requests this Court to "order a comprehensive Federal Investigation into Defendants [sic] alleged acts of racism and retaliation against the moving party which resulted in a wrongful termination." (Doc. 12 at 3.) "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). It is beyond the purview of this Court to "order a comprehensive Federal Investigation." Accordingly, Plaintiff's request is recommended to be denied.

### B.   Preliminary Injunction to Reinstate Plaintiff's Compensation

Plaintiff alleges that "Defendants acted with malice and racism by setting in motion a Non-Punitive Termination which caused this Plaintiff irreparable harm," and requests that the Court issue a "Temporary Order sustaining Plaintiff's compensation until such time that a complete and comprehensive discovery of the facts are made known." (Doc. 12 at 2, 5.)

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and likely irreparable injury. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Warsoldier v. Woodford*, 418 F.3d 989, 993–94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); Fed. R. Civ. P. 65. To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027

(E.D. Cal. 2000).

Additionally, the function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where, as here, the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir.1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."). The Ninth Circuit Court of Appeals has held that this type of mandatory injunctive relief is disfavored and should be denied unless the facts and law clearly favor the movant. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). There is also heightened scrutiny where the injunction would provide substantially all the relief the movant may recover after a full trial on the merits. *Kikumura v. Hurley*, 242 F.3d 950, 955 (9th Cir. 2001). Finally, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this case, the Court has screened the First Amended Complaint and has determined that it does not state a cognizable claim for relief against the named Defendants. (*See* Doc. 11.) Thus, Plaintiff cannot meet her burden to demonstrate a likelihood of success on the merits at this stage of the proceedings.

Plaintiff has been permitted one final opportunity to file an amended pleading, which is due to be filed June 1, 2020.[1] (*See id*.) Plaintiff is not entitled to seek preliminary injunctive relief until such time as the Court finds that her complaint contains cognizable claims for relief against the named Defendants and the named Defendants have been served with the summons and complaint as authorized by the Court.

---

[1] If Plaintiff chooses to file a second amended complaint, she should include therein all information and exhibits that will make her claims cognizable. If Plaintiff attaches exhibits to it, each exhibit must be specifically referenced. Fed. R. Civ. P. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (*i.e*. "See Exhibit A, page 3"). However, at this point, the submission of evidence, other than that called for by the Court's second screening order (*see* Doc. 11 at 5–6), is <u>premature</u> as Plaintiff is only required to state a prima facie claim for relief.

Plaintiff's ex parte application seeking preliminary injunctive relief is therefore premature. Plaintiff is cautioned that any further requests for preliminary injunctive relief that are filed before Defendants are served with process in this case will also be recommended to be denied, without prejudice, as premature.

### III. FINDINGS AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's "Ex Parte Application for Order to Serve and Stay First Ammended [sic] Complaint," filed on May 12, 2020 (Doc. 12), be DENIED to the extent it requests the Court to order a federal investigation, and be DENIED WITHOUT PREJUDICE to the extent it seeks preliminary injunctive relief.

These Findings and Recommendation will be submitted to the United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within twenty-one (21) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **May 19, 2020**                              /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE