# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. DOMINO, Ph.D.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>　　　　　Defendants | Case No. 1:19-cv-01790-NONE-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 11)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff June M. Domino, Ph.D., proceeding pro se and *in forma pauperis*, filed a complaint on December 23, 2019, against California Correctional Healthcare Services and "AFSCME Local 2620." (Docs. 1–3.) In her original complaint, Plaintiff purported to allege claims for employment discrimination under unspecified "Federal Statutes" and "Federal Treaties." (*Id*.) She demanded "$44 Million" in damages. (Doc. 1-1.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on December 27, 2019.

On March 3, 2020, the Complaint was screened, and the undersigned found that it failed to state a cognizable federal claim. (Doc. 8.) Plaintiff was provided with the applicable legal standards to determine if she would like to pursue her case and was granted twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id*.)

Plaintiff filed her First Amended Complaint against Defendants California Correctional Healthcare Services, AFSCME Local 2620, and "Does 1–50" on March 24, 2020. (Doc. 10.) On May 8, 2020, the undersigned issued a second screening order finding that Plaintiff again failed to state any cognizable claims and granting her "**one final opportunity"** to file an amended complaint curing the identified pleading deficiencies within thirty days. (Doc. 11 (emphasis in original).)

Plaintiff was granted two extensions of time, until August 10, 2020, in which to file an amended complaint.  (*See* Docs. 15, 24.)  Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order by the August 10, 2020 deadline.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's May 8, 2020 second screening order, by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim.**  Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if she fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **August 26, 2020**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE