# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. DOMINO, Ph.D.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>　　　　　Defendants | Case No. 1:19-cv-01790-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FOR FAILURE TO PROSECUTE**<br><br>**(Docs. 11 & 36)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff June M. Domino, Ph.D., proceeding pro se and *in forma pauperis*, filed a complaint on December 23, 2019, against California Correctional Healthcare Services and "AFSCME Local 2620." (Docs. 1–3.) In her original complaint, Plaintiff purported to allege claims for employment discrimination under unspecified "Federal Statutes" and "Federal Treaties." (*Id*.) She demanded "$44 Million" in damages. (Doc. 1-1.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on December 27, 2019.

　　　　On March 3, 2020, the Complaint was screened, and the undersigned found that it failed to state a cognizable federal claim. (Doc. 8.) Plaintiff was provided with the applicable legal standards to determine if she would like to pursue her case and was granted twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id*.)

　　　　Plaintiff filed her First Amended Complaint against Defendants California Correctional Healthcare Services, AFSCME Local 2620, and "Does 1–50" on March 24, 2020. (Doc. 10.) On May 8, 2020, the undersigned issued a second screening order finding that Plaintiff again failed to state any cognizable claims and granting her "**one final opportunity**" to file an amended complaint curing the identified pleading deficiencies within thirty days. (Doc. 11 (emphasis in original).)

After unsuccessfully appealing the second screening order to both the U.S. Court of Appeals for the Ninth Circuit and the U.S. Supreme Court (*see* Docs. 30, 31, 34, 35), Plaintiff was granted an extension of time until August 9, 2021, to file an amended complaint in compliance with the screening order. (Doc. 35.) Plaintiff was advised that if she failed to file an amended complaint in compliance with the second screening order, the undersigned would recommend to the district judge that this action be dismissed for failure to prosecute and to obey court orders. (*See id*.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order by the August 9, 2021, deadline.

On August 17, 2021, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for her failure to comply with the Court's second screening order and for failure to prosecute this case. (Doc. 36.) Plaintiff was warned in both the screening order and the OSC that the failure to comply with the Court's orders would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id. See also* Doc. 11.) Plaintiff has not yet filed any response, and the time to do so has passed.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order and the OSC, there is no alternative but to recommend dismissal of the action for her failure to obey

---

[1] Plaintiff did, however, cause counsel to make an appearance on her behalf on September 8, 2021. (*See* Doc. 37.)

court orders and failure to prosecute.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendation will be submitted to the presiding United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 1, 2021**             /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE