# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. DOMINO, Ph.D.,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>    Defendants | Case No. 1:19-cv-01790-NONE-SKO<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATION AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS**<br><br>**(Doc. 38)**<br><br>**THIRTY (30) DAY DEADLINE** |

    Plaintiff June M. Domino, Ph.D., proceeding pro se and *in forma pauperis*, filed a complaint on December 23, 2019, against California Correctional Healthcare Services and "AFSCME Local 2620." (Docs. 1–3.) In her original complaint, Plaintiff purported to allege claims for employment discrimination under unspecified "Federal Statutes" and "Federal Treaties." (*Id*.) She demanded "$44 Million" in damages. (Doc. 1-1.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on December 27, 2019.

    On March 3, 2020, the Complaint was screened, and the undersigned found that it failed to state a cognizable federal claim. (Doc. 8.) Plaintiff was provided with the applicable legal standards to determine if she would like to pursue her case and was granted twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id*.)

    Plaintiff filed her First Amended Complaint against Defendants California Correctional Healthcare Services, AFSCME Local 2620, and "Does 1–50" on March 24, 2020. (Doc. 10.) On May 8, 2020, the undersigned issued a second screening order finding that Plaintiff again failed to state any cognizable claims and granting her "**one final opportunity**" to file an amended complaint curing the identified pleading deficiencies within thirty days. (Doc. 11 (emphasis in original).)

    After unsuccessfully appealing the second screening order to both the U.S. Court of Appeals

for the Ninth Circuit and the U.S. Supreme Court (*see* Docs. 30, 31, 34, 35), Plaintiff was granted an extension of time until August 9, 2021, to file an amended complaint in compliance with the screening order. (Doc. 35.) Plaintiff was advised that if she failed to file an amended complaint in compliance with the second screening order, the undersigned would recommend to the district judge that this action be dismissed for failure to prosecute and to obey court orders. (*See id*.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order by the August 9, 2021, deadline.

On August 17, 2021, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for her failure to comply with the Court's second screening order and for failure to prosecute this case. (Doc. 36.) Plaintiff was warned in both the screening order and the OSC that the failure to comply with the Court's orders would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id. See also* Doc. 11.) Plaintiff failed to respond to the OSC within twenty-one days. Accordingly, on October 4, 2021, the Court issued findings and recommendation to dismiss this action for her failure to obey court orders and failure to prosecute. (Doc. 38.)

On October 25, 2021, Plaintiff filed objections to the pending findings and recommendation. (Doc. 39.) Plaintiff states that she retained counsel on September 8, 2021, "after an arduous pleading stage she had embarked on, and over a month of the issuing of the [OSC]." (*Id*. at 2–3.) Plaintiff further states that her counsel "was not fully informed of the pending deadlines as it pertained to the need of filing such in the necessary time period" and requests additional time to file an amended complaint. (*Id*. at 3.) Plaintiff does not, however, explain why counsel did not request additional time to file her amended complaint shortly after making his appearance in this case, and instead waited almost a month until the undersigned issued findings and recommendation to dismiss this case to make such request.

Notwithstanding the foregoing, and in the interest of adjudicating cases on the merits, see *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1258–59 (9th Cir. 2010), the Court WITHDRAWS its findings and recommendation to dismiss this action. (Doc. 38). Within thirty (30) days from the date of service of this order, Plaintiff SHALL file her second amended complaint

2

curing the deficiencies identified by the Court in its May 8, 2020, screening order (Doc. 11 ), or a notice of voluntary dismissal.  **If Plaintiff fails to file an amended complaint in compliance with the screening order, the undersigned will recommend to the district judge that this action be dismissed for failure to prosecute and to obey a court order.**

IT IS SO ORDERED.

Dated:   **October 26, 2021**            /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

3