WILLOUGHBY & ASSOCIATES
W. Anthony Willoughby, Esq., State Bar No. 137503
Email: anthony@firmwilloughby.us
Anthony Willoughby II, Esq., State Bar No. 314832
Email: anthonyw2@firmwilloughby.us
Joseph H. Elias, Esq. State Bar No. 332332
Email: joseph@firmwilloughby.us
200 Corporate Pointe, Suite 495
Culver City, California 90230
Telephone No.: (310) 642-0600
Facsimile No.: (310) 642-4710

Attorneys for Plaintiff,
JUNE M. DOMINO

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. DOMINO, a natural person,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISON, in her official capacity as Secretary of The Department of Correction & Rehabilitation; DR. STEPHANIE NEUMANN BESE PSY.D., in her official capacity as Chief of Mental Health at the Central California Women's Facility (CCWF); and DOES 1-50 inclusive.<br><br>Defendants. | Case No.: 1:19-cv-01790-NONE-SKO<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>1. Violation Of Civil Rights (42 U.S.C. §1983);<br>2. Disparate Impact Discrimination in Violation of Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000e-2(a))<br>3. Retaliation for Engaging in a Protected Activity in Violation of Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000e-3(a))<br>4. Racial Discrimination and Retaliation in Violation of 42 U.S.C. §1981<br>5. Age Discrimination in Violation of The ADEA (29 U.S.C. § 624 et. seq.);<br>6. Employment Discrimination - Violation Of FEHA (Cal. Gov. Code §§ 12920 & 12921)<br>7. Failure to Prevent Discrimination, Harassment and Retaliation in Violation of FEHA (Cal. Gov. Code §12940(k)) |

)
)                8.  Wrongful Termination In Violation Of
)                    Public Policy;
)                9.  Breach Of Covenant Of Good Faith
)                    And Fair Dealing
)
)
)

COMES NOW Plaintiff, JUNE M. DOMINO (hereinafter referred to as "Plaintiff"), brings this action against Defendants, CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON, in her official capacity as Secretary of The Department of Correction & Rehabilitation; DR. STEPHANIE NEUMANN BESE PSY.D., in her official capacity as Chief of Mental Health at the Central California Women's Facility (CCWF); and DOES 1-50 inclusive, and alleges as follows:

## JURISDICTIONAL STATEMENT

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiffs' constitution and civil rights.

2. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

3. Venue is proper in the United Stated District Court for the Easter District of California pursuant to 28 U.S.C. § 1391(b)(1)(2) because defendants are local agencies and public officials of the State of California, located within the Federal Court's Eastern District of California. Furthermore, Plaintiff's injuries occurred within the jurisdiction of the Easter District of California, in Madera County, at the Central California Women's Facility (CCWF),

located at 2370 Road 22, Chowchilla, California 93610, and therefore Plaintiff sustained

injuries to their rights within this judicial district.

## **PARTIES**

4.  During all times mentioned in this Complaint, Plaintiff was, and is, a resident of the County

of Madera, California. Plaintiff, who was at all time relevant to this action, was an employee,

retained as Staff Psychologist for Defendant, CALIFORNIA DEPARTMENT OF

CORRECTION & REHABILITATION, at the Central California Women's Facility (CCWF).

5.  Defendant, CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION

(hereinafter referred to as "CDCR"), is an agency organized under the laws of the State of

California. CDCR is responsible for the operation of California State Prison Corrections

System, Rehabilitation Programs and Parole Systems, including the operation of the Central

California Women's Facility (CCWF), a female-only state prison located in Chowchilla,

California, which is operated and governed by Defendant, CDCR. CDCR acted through its

agents and employees and through DOES 1 through 50.

6.  Defendant, KATHLEEN ADDISON (hereinafter referred to as "Addison"), is presently,

having succeeded Ralph Diaz on October 1, 2018, as the Secretary of The Department of

Correction & Rehabilitation, and is named herein in her official capacity as Secretary of The

Department of Correction & Rehabilitation. Accordingly, Addison, in her official capacity, is

legally indistinguishable from the sovereign United States and it is liable to Plaintiff the same

as a private person in accordance with state law governing his conduct in the State of

California, pursuant to the standards set forth in 28 U.S.C. § 1346(b).

7.  Defendant, DR. STEPHANIE NEUMANN BESE PSY.D. (hereinafter referred to as "Bese"),

who was at all time relevant to this action, was the Chief of Mental Health at the Central

California Women's Facility (hereinafter referred to as "CCWF"), in her official capacity as

Chief of Mental Health at the CCWF. Accordingly, Bese, in her official capacity, is legally indistinguishable from the sovereign United States and it is liable to Plaintiff the same as a private person in accordance with state law governing his conduct in the State of California, pursuant to the standards set forth in 28 U.S.C. § 1346(b).

8. Plaintiff sues Defendant DOES 1 through 50 each in their individual and representative capacities. DOES 1 through 50 are sued herein under fictitious names. Their true names and identities are unknown to Plaintiff. When their true names are ascertained, Plaintiff will amend this Complaint by inserting their names herein.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant to this Complaint, DOES 1 through 50 were employees of Defendant CDCR. DOES 1 through 50, in doing the acts herein described and referred to, were acting: (1) in their capacity as agents, servants, and employees of Defendant CDCR; (2) under the direction and control of Defendant, CDCR; and (3) pursuant to either official policies, the custom, practice, and usage of Defendant, CDCR.

10. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by those Defendants.

## STATEMENT OF ADMINISTRATIVE COMPLIANCE

11. Plaintiff timely filed charges of discrimination against CDCR with the United States Equal Employment Opportunity Commission and received a right to sue letter from that agency sometime in April of 2019.

12. Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff, a 69 year old women, began her employment with CDCR on October 15, 2015, as a Staff Psychologist with a PhD, at CCFW.

14. On or before November 3, 2015, Plaintiff found a makeshift noose that was positioned above her desk. After reporting this incident to Defendant Bese, Plaintiff thereon alleges that periodic instances of aggressions and harassment where committed towards her.

15. On or before November 10, 2015, was given assignments, which included acclimating new interns with the necessary duties. This was never considered a requirement or agreed upon duty within the Plaintiff's employment agreement.

16. Sometime in December 2015, Plaintiff was relocated to the Administration Segregation unit (hereinafter referred to as "Ad. Seg."), a unit within CCFW that houses the most dangerous inmates. Plaintiff explained that based on her advanced age and limited mobility that such a placement may put Plaintiff in a dangerous position, especially providing therapy to some of the most violent of inmates. However, Plaintiff was ignored and thus was stationed within Ad. Seg. for the remainder of her employment period with CDCR.

17. On or before January 5, 2016, Plaintiff was informed that she was required to resubmit to an annual tuberculosis ("TB") test. However, Plaintiff informed Defendant Bese that in September 2015, she successfully submitted my TB Test results as a condition of her employment. Therefore, a new TB exam was not yet due. However, it was insisted by Defendant Bese that insisted that in order to successfully complete her probationary period of employment must submit to another TB exam. Plaintiff is informed and believes she was the only employee in a similar position as her that was required to resubmit her exam results before the annual reevaluation period had taken place.

18. On or before April 3, 2016, Plaintiff was given a negative employment evaluation from Defendant Bese that was submitted on her behalf based on her non-compliance with the TB

test reevaluation period, as well as lack luster performance as it pertains to her duties. Plaintiff objected to the evaluation, which was then rescinded.

19. On or before May 3, 2016, Defendant Bese presented Plaintiff with a "Written Letter of Instruction" stating that she was out of compliance and subject to termination for failing to submit to yet another TB Test. This was the third time, and thus, Plaintiff was forced to submit to another TB Test. Plaintiff is informed and believes she was the only employee in a similar position as her that was required to resubmit her exam results before the annual reevaluation period had taken place.

20. For the periods of July 1, 2016, through July 5, 2017, Plaintiff endured ongoing harassment and bullying from other staff members, including commentary about Plaintiff's age, her work product, racial slurs, jokes and ridicule on a continuing basis.

21. To further compound the harassment, Plaintiff was then assigned ongoing assignments of other colleagues' workload, assignments that again were not within Plaintiff's purview, nor agreed upon duties within Plaintiff's employment agreement.

22. On or before August 10, 2017, Plaintiff had enough of the ongoing harassment and reported the events that had transpired over the year to the CDCR committee of CCWF.

23. Plaintiff again would be subjected to further harassment in retaliation for here opposition and her complaints.

24. Coincidentally, on or before August 12, 2017, Plaintiff received another negative performance review from Defendant Bese. Again, Plaintiff objected to the evaluation, which was then rescinded.

25. On or before November 18, 2018, after another year of consistent harassment, Plaintiff issued a Non-Punitive Termination of my employment. Therefore, Plaintiff alleges that CDCR has

taken action to protect the harassers, failed to protect Plaintiff's rights and the rights of other minority and elderly employees.

## FIRST CAUSE OF ACTION

**(Violation Of Civil Rights (42 U.S.C. §1983) against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON,; DR. STEPHANIE NEUMANN BESE PSY.D.; and DOES 1-50 inclusive.)**

26. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

27. At all times mentioned in this Complaint, 42 U.S.C. section 1983 provided in pertinent part as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress."

28. Defendants, and each of them, acted individually and in conspiracy with each other to deprive Plaintiff under color of state law of her rights, as guaranteed to her by the United States Constitution and federal law, by committing the acts as more fully set out above.

29. Plaintiff has a liberty interest under the Due Process Clause of the Fourteenth Amendment in her reputation as within the psychiatric community.

30. Defendants, and each of them, acted in concert with each other pursuant to official policies, plans and training of their respective agencies, which are promulgated from and pass down from the CDCR. Defendants promulgated the policies and plans and conducted the training which manifests a deliberate indifference to the constitutional rights of persons lawfully authorized by the California Code of Regulation and, more particularly, the rights of Plaintiff.

31. By reason of the acts of these Defendants, acting individually and in conspiracy with each other, Plaintiff has suffered the following damages: (1) The loss of Plaintiff's reputation as a

psychiatrist; and (2) emotional distress associated with and caused by the harassment, loss of his reputation and economic damages.

32. The acts of which Plaintiff complains began on or before November 3, 2015 and continued to and including the end of November 18, 2018.

33. As a proximate result of Defendants' conduct, Plaintiff has lost wages, benefits, other out of pocket losses and has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof at time of trial.

34. The above described actions were done with malice and oppression and in reckless disregard of Plaintiff's rights.

35. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

36. The above acts of the individual defendants were reckless and malicious and executed in conscious disregard for Plaintiff's rights and welfare, justifying an award of punitive damages and cost according to statute in the amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Disparate Impact Discrimination in Violation of Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000e-2(a) against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON,; DR. STEPHANIE NEUMANN BESE PSY.D.; and DOES 1-50 inclusive.)**

37. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

38. At all times mentioned in this complaint, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. were in full force and effect and binding on defendant. These sections prohibit employers from discriminating on the basis of race, color, religion, sex and national origin.

39.  The statements and conduct on the part of the Defendants complained of herein represent a violation of Title VII. Within the time provided by law, Plaintiff filed a Complaint with the

Equal Employment Opportunity Commission (EEOC) and received a right-to-sue letter in April of 2019.

40. The discriminatory hiring and promoting practices of Defendant regarding management personnel has resulted in a marginally small number of African-American females, and elderly people holding such positions. Plaintiff has been directly affected and is among the class of persons adversely affected by Defendant's illegal conduct.

41. As a proximate result of Defendants' conduct, Plaintiff has lost wages, benefits, other out of pocket losses, opportunity to advance and has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to his damage in a sum according to proof at time of trial.

42. The above described actions were done with malice and oppression and in reckless disregard of Plaintiff's rights.

43. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## **THIRD CAUSE OF ACTION**

**(Retaliation for Engaging in a Protected Activity in violation of Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000e-3(a)) against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON,; DR. STEPHANIE NEUMANN BESE PSY.D.; and DOES 1-50 inclusive.)**

44. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

45. At all times mentioned in this complaint, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. were in full force and effect and binding on defendant. These sections prohibit employers from discriminating on the basis of race, color, religion, sex and national origin. Title VII also prohibits employers from retaliating against employees or applicants for

engaging in protected activities, including but not limited to filing a discrimination claim with the EEOC.

46. As a proximate result of Defendants' conduct, Plaintiff has lost wages, benefits, other out of pocket losses and has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof at time of trial.

47. The above described actions were done with malice and oppression and in reckless disregard of Plaintiff's rights.

48. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## FOURTH CAUSE OF ACTION

**(Racial Discrimination and Retaliation in Violation of 42 U.S.C. §1981 against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON,; DR. STEPHANIE NEUMANN BESE PSY.D.; and DOES 1-50 inclusive.)**

49. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

50. At all times mentioned in this complaint, 42 U.S.C. §1981 was in full force and effect and binding on Defendant. Section 1981 mandates that all persons within the jurisdiction of the United States are entitled to the same right to make and enforce contracts, to sue, to be parties, and to give evidence; they are entitled to equal benefit of laws for the security of persons and property, and are subject to the same penalties as white persons.

51. Defendant deprived Plaintiff of his civil rights as a result of the racially motivated discrimination perpetuated against him. Plaintiffs attempts at transfer and promotion were routinely ignored despite her qualifications.

SECOND AMENDED COMPLAINT FOR DAMAGES

52. Defendant retaliated against Plaintiff for exercising his right not to be discriminated against on racial grounds by continually ignoring her attempts to transfer and promote despite her qualifications.

53. As a proximate result of Defendant's conduct, Plaintiff has lost wages and benefits and other out of pocket losses and has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to her damage in a sum according to proof at time of trial.

54. As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

55. The above described actions were done with malice and in reckless disregard of Plaintiffs rights.

56. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## **FIFTH CAUSE OF ACTION**

**(Age Discrimination in Violation of The ADEA (29 U.S.C. § 624 et. seq.) 1981 against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON,; DR. STEPHANIE NEUMANN BESE PSY.D.; and DOES 1-50 inclusive.)**

57. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

58. Plaintiff was at all times material hereto an individual protected by the application of the Age Discrimination in Employment Act, 29 U.S.C. §§ 623, 631(a), prohibiting discrimination and harassment in employment on the basis of age.

59. Defendant is, and at all times material hereto was, an employer within the meaning of the ADEA, U.S.C. §630 (b) and, as such, is barred from discriminating in employment decisions on the basis of age as set forth in the ADEA.

60. Plaintiff is a person who at all times relevant was over forty (40) years of age and is thus protected by the age discrimination provisions of the ADEA.

61. Defendant has discriminated against and harassed Plaintiff on the basis of her age in violation the ADEA.

62. Plaintiff has exhausted her administrative remedies as required by law allowing this lawsuit to proceed.

63. As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

64. The above described actions were done with malice and in reckless disregard of Plaintiffs rights.

65. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## SIXTH CAUSE OF ACTION

**(Employment Discrimination - Violation Of FEHA (Cal. Gov. Code §§ 12920 & 12921) against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON, and DOES 1-50 inclusive.)**

66. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

67. Pursuant to the California Fair Employment and Housing Act, California Government Sections 12900, et seq. ("FEHA"), Defendants owed Plaintiff a duty to take all reasonable action to prevent and correct discrimination, harassment and retaliation in the workplace and to provide Plaintiff SINGH and other employees with a work environment free from discrimination, harassment and retaliation. The individual defendants owed Plaintiff a duty not to subject her to harassment or retaliation, prohibited by FEHA.

68. Defendants breached the obligations they owed to Plaintiff under the FEHA to provide him with a workplace free from illegal discrimination, harassment and retaliation, and the individual defendants breached the obligations they owed to Plaintiff to refrain from illegal harassment and retaliation.

69. Plaintiff has exhausted her administrative remedies as required by law allowing this lawsuit to proceed.

70. As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

71. The above described actions were done with malice and in reckless disregard of Plaintiffs rights.

72. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## SEVENTH CAUSE OF ACTION

**(Failure to Prevent Discrimination, Harassment and Retaliation in Violation of FEHA (Cal. Gov. Code §12940(k)) against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON, and DOES 1-50 inclusive.)**

73. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

74. At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on Defendant CDCR.  This subsection requires CDCR to take all reasonable steps necessary to prevent harassment and discrimination from occurring.  As alleged above, CDCR violated this subsection by failing to take all reasonable steps necessary to prevent other employees from discriminating and harassing Plaintiff because of her age and race.

SECOND AMENDED COMPLAINT FOR DAMAGES

75. As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

76. The above described actions were done with malice and in reckless disregard of Plaintiffs rights.

77. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## **EIGHTH CAUSE OF ACTION**

(**Wrongful Termination In Violation Of Public Policy against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON, and DOES 1-50 inclusive.**)

78. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

79. Plaintiff is informed and believes, and on that basis alleges, that Defendant CDCR termination of Plaintiff on November 18, 2018, shortly after she complained of the on-going harassment she endured while employed at CCFW.

80. Plaintiff's termination of employment was therefore in violation of the public policies set out in and Government Code Sections 12940(a), (j) and (h), and 12945 and 12945.2 and 29 U.S.C. § 2601(b)(1), (2), in that Plaintiff's age and race were all determining factors in Plaintiff termination.

81. As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

82. The above described actions were done with malice and in reckless disregard of Plaintiffs rights.

83. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

### NINETH CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing Against CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION; KATHLEEN ADDISSON, and DOES 1-50 inclusive.)**

84. Plaintiff re-alleges paragraphs 1 through 25, supra, as though fully set forth here.

85. Plaintiff is informed and believes, and thereupon alleges, that Defendant CDCR promise to provide Plaintiff with a performance plan for improvement should it consider terminating Plaintiff, contained an implied covenant of good faith and fair dealing by which Defendant CDCR promised to give full cooperation to Plaintiff and her performance under the promise and to refrain from doing any act that would prevent or impede Plaintiff from performing all the conditions of the promise to be performed by her or any act that would prevent or impede Plaintiff's enjoyment of the fruits of said promise. Specifically, said covenant of good faith and fair dealing required Defendant CDCR to fairly, honestly, and reasonably perform the terms and conditions of said promise.

86. Plaintiff is informed and believes, and thereupon alleges, Defendant CDCR breached said implied covenant of good faith and fair dealing by denying Plaintiff a work environment free from discrimination and by failing to provide her with a performance plan for improvement. Defendant CDCR further breached said implied covenant of good faith and fair dealing by denying Plaintiff fair treatment, and terminating her. Such actions were taken at a time when Plaintiff was fully capable of and was in fact performing her job in a fully satisfactory manner. Such actions by Defendant CDCR were not taken because of unsatisfactory job performances by Plaintiff; they were taken at least in part because of Plaintiff race and age.

87. Plaintiff is informed and believes, and thereupon alleges, that Defendant CDCR breached its contract with Plaintiff without conducting any reasonable investigation concerning its obligations under said agreements, without good or sufficient cause, for reasons extraneous to the agreement, and for purpose of frustrating Plaintiff 's enjoyment of the benefits of the agreement.

88. As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

89. The above described actions were done with malice and in reckless disregard of Plaintiffs rights.

90. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Compensatory damages, including lost earnings and other employment benefits, together with interest thereon at the maximum rate allowed by law, in a sum according to proof at the time of trial;

2. Present value of lost future earnings and benefits, and loss of earning capacity, according to proof;

3. General damages, including damages for physical and emotional distress, embarrassment, anxiety, humiliation and mental anguish, in a sum according to proof at the time of trial;

SECOND AMENDED COMPLAINT FOR DAMAGES

4. Special, actual, compensatory and/or nominal damages for their wrongful conduct, in a sum according to proof at the time of trial;

5. Exemplary and punitive damages in a sum appropriate to punish defendants and set an example for others;

6. Attorney's Fees and Cost pursuant to California Government Code §12965(b); C.C.P. 1021.5; and damages and penalties and reasonable attorney's fees and cost provided for in the California Labor Code.

7. Costs of suit herein;

8. Prejudgment interest at the legal rate of interest on all said sums; and

9. Such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury in this action on each and every one of her claims.

Dated: November 20, 2021                    Respectfully submitted

*Willoughby & Associates*

/s/ Joseph H. Elias
_____

Joseph H. Elias
Attorneys for Plaintiff,
JUNE M. DOMINO

SECOND AMENDED COMPLAINT FOR DAMAGES