1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   JUNE M. DOMINO, | )   Case No.: 1:19-cv-01790-JLT-SKO |
| 12              Plaintiff, | ) |
| 13        v. | )   ORDER DISMISSING PLAINTIFF'S FIRST, |
| 14   CALIFORNIA DEPARTMENT OF | )   FOURTH, AND FIFTH CAUSES OF ACTION FOR |
|     CORRECTION & REHABILITATION; | )   FAILURE TO PROSECUTE AND FAILURE TO |
| 15   KATHLEEN ADDISON, in her official | )   OBEY A COURT ORDER |
| 16   capacity as Secretary of The Department of | ) |
|     Correction & Rehabilitation; DR. | )   (Docs. 42, 71) |
| 17   STEPHANIE NEUMANN BESE PSY.D., in | ) |
|     her official capacity as Chief of Mental Health | ) |
| 18   at the Central California Women's Facility | ) |
|     (CCWF); and DOES 1-50 inclusive, | ) |
| 19 | ) |
| 20              Defendants. | ) |
| 21 | |

22          June Domino, proceeding *pro se* and *in forma pauperis*, seeks to hold Defendants liable for the

23   harassment, discrimination, and retaliation she suffered while employed by the California Department

24   of Corrections and Rehabilitation. (Doc. 42.) Plaintiff failed to comply with the Court's order to show

25   cause why certain claims should not be dismissed for lack of subject matter jurisdiction and failed to

26   prosecute this action. (Doc. 71.) Accordingly, Plaintiff's first, fourth, and fifth causes of action are

27   **DISMISSED**.

28   ///

                                                      1

## I.        Relevant Background

Plaintiff filed the instant action on December 23, 2019. (Docs. 1-3.) On March 3, 2020, the Court screened and dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable federal claim. (Doc. 8.) Plaintiff filed her First Amended Complaint on March 24, 2020. (Doc. 10.) On May 8, 2020, Plaintiff's FAC was screened and dismissed for failure to state any cognizable federal claims. (Doc. 11.) Plaintiff was granted one final opportunity to amend her complaint. (*Id*. at 2, 13.) Plaintiff filed her Second Amended Complaint on November 24, 2021 (Doc. 42.) Pending before the Court is Defendants' motion to dismiss Plaintiff's SAC, filed on February 28, 2022. (Doc. 56.) The parties have fully briefed the motion. (Docs. 65, 66.) Upon review of the papers, the Court found several critical issues warranting Plaintiff's response. Accordingly, on October 25, 2022, the Court issued an order for Plaintiff to show cause why certain claims should not be dismissed for lack of jurisdiction. (Doc. 71.) Specifically, the Court ordered Plaintiff to respond to Eleventh Amendment issues as to her first, fourth, and fifth causes of action, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, respectively. To date, Plaintiff has not filed a response and the time to do so has passed.

## II.       Failure to Prosecute and Failure to Obey a Court Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions, including dismissal of an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

### III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A.    Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"), *superseded by statute on other grounds*; *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not, hold this case in abeyance based upon Plaintiff's failure to comply with the Court's order and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, the Court finds that both the first and second factors weigh in favor of dismissal.

### B.    Prejudice to Defendants

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the ... ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct

3

impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Plaintiff has not taken any action to further her prosecution of the action, despite being ordered by the Court to do so. Notably, this is not the first time Plaintiff has failed to obey a Court order in this matter.

Plaintiff was previously granted two extensions of time, until August 10, 2020, in which to file a second amended complaint. (*See* Docs. 15, 24.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order by the August 10, 2020 deadline.[1] On December 3, 2020, the Court entered a minute order requiring Plaintiff to file a status report no later than thirty days after the United States Supreme Court took action on her then-pending petition for writ of certiorari. (Doc. 34.) Plaintiff failed to do so. (Doc. 35.) On August 17, 2021, an order issued for Plaintiff to show cause within twenty-one days why the action should not be dismissed for her failure to comply with the Court's second screening order and for failure to prosecute this case. (Doc. 36.) Plaintiff was warned in both the screening order and the OSC that the failure to comply with the Court's orders would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id*.; *see also* Doc. 11.) Plaintiff did not file a response.[2] Finally, Plaintiff failed to file a timely opposition to Defendants' motion to dismiss.[3] It goes without saying that Plaintiff's conduct has continuously

---

[1] The Court's Order to Show Cause was vacated upon indication by Plaintiff that there was a pending interlocutory appeal

[2] As a result of Plaintiff's failure to respond, the assigned Magistrate Judge issued findings and recommendations to dismiss the action for failure to prosecute and failure to obey the Court's orders (Doc. 38), to which Plaintiff's counsel filed objections. (Doc. 39.) The Court subsequently withdrew its findings and recommendations, but not without comment:

> Plaintiff states that she retained counsel on September 8, 2021, 'after an arduous pleading stage she had embarked on, and over a month of the issuing of the [OSC].' ([Doc. 39] at 2–3.) Plaintiff further states that her counsel 'was not fully informed of the pending deadlines as it pertained to the need of filing such in the necessary time period' and requests additional time to file an amended complaint. (*Id*. at 3.) Plaintiff does not, however, explain why counsel did not request additional time to file her amended complaint shortly after making his appearance in this case, and instead waited almost a month until the undersigned issued findings and recommendation to dismiss this case to make such request. Notwithstanding the foregoing, and in the interest of adjudicating cases on the merits, see Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258–59 (9th Cir. 2010), the Court WITHDRAWS its findings and recommendation to dismiss this action.

(Doc. 40 at 2.)

[3] Eleven days after Plaintiff's opposition was due, Plaintiff's counsel submitted a declaration indicating that prior counsel on the matter had not informed the firm of the impending deadlines prior to his departure from the

impeded progress in this matter and delayed the proceedings, prejudicing Defendants. Therefore, this factor weighs in favor of dismissal.

### C.    Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiff in the OSC: "Failure to comply with this order will result in summary dismissal of these claims without further notice." (Doc. 71 at 2.) Moreover, the Court has repeatedly and expressly warned Plaintiff that her failure to comply with the Court's orders would result in dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute. (*See, e.g.,* Docs. 8, 11, 27, 32, 35, 36, 38, 71.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance. Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

### D.    Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of

---

firm. (*See* Doc. 61.) The parties then stipulated to a revised briefing schedule which the parties adhered to. (Docs. 63-66.)

dismissal. *See Malone*, 833 F.2d at 133 n.2 (explaining that although "the public policy favoring disposition of cases on their merits ... weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV.     Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1.     Plaintiff's First Cause of Action under 42 U.S.C. § 1983; Fourth Cause of Action under 42 U.S.C. § 1981; and Fifth Cause of Action under ADEA (Doc. 42) are **DISMISSED** without prejudice against all Defendants for failure to obey a Court order and failure to prosecute this action.

2.     The Court will address Plaintiff's remaining claims in its consideration of Defendants' pending motion to dismiss. (Doc. 56.)

IT IS SO ORDERED.

Dated:    **November 10, 2022**

UNITED STATES DISTRICT JUDGE