1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. DOMINO, | Case No. 1:19-cv-01790-LHR-SKO |
| Plaintiff, | **ORDER VACATING HEARING AND GRANTING MOTION TO WITHDRAW** |
| v. | (Doc. 82) |
| CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, | |
| Defendant. | |
| _____/ | |

## I.        INTRODUCTION

On April 15, 2024, W. Anthony Willoughby, Esq., of Willoughby & Associates ("Attorney Willoughby"), attorney for Plaintiff June Domino ("Plaintiff"), filed a motion to withdraw as Plaintiff's counsel of record.  (Doc. 82.)  Plaintiff filed a response on May 3, 2024, in which she indicates that she has "no objections to Attorney Willoughby withdrawing from this case."  (Doc. 87 at 1.)  Defendant California Department of Correction and Rehabilitation ("CDCR") did not file a response.  The matter is therefore deemed unopposed.  *See* E.D. Cal. L.R. 230(c).

After having reviewed the motion, supporting material, and response, the matter is deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the hearing set for May 22, 2024, will be vacated.  For the reasons set forth below, Attorney Willoughby's motion to withdraw as attorney for Plaintiff will be granted.

## II.        BACKGROUND

On December 23, 20219, Plaintiff filed this action arising out of her employment with

CDCR.  (*See* Doc. 1.)  Plaintiff alleges that she was retaliated against for reporting alleged harassment.  (*See* Doc. 42.)

### III.      DISCUSSION

In the instant motion to withdraw as counsel for Plaintiff, Attorney Willoughby states there has been a "breakdown in the attorney-client relationship and communication between Plaintiff and our office."  (Declaration of Anthony Willoughby ("Willoughby Decl.") ¶ 3, Doc. 82 at 5.)  Specifically, Attorney Willoughby avers that "Plaintiff's refusal to complete her discovery and fully participate in the preparation and production of discovery responses has rendered the attorney-client relationship broken beyond repair," that "Plaintiff has refused to adhere to the advice of Willoughby & Associates regarding Plaintiff's duties in the discovery process," and that "Plaintiff is no longer communicating with Willoughby & Associates."  (*Id*. ¶¶ 20–22, Doc. 82 at 6–7.)  Attorney Willoughby notified Plaintiff of his intent to withdraw and served her a copy via email and U.S Mail.  (*See* Doc. 82 at 8.  *See also* Doc. 87 at 4 (acknowledgment by Plaintiff of Attorney Willoughby's intent to withdraw).)

In her response to the motion, Plaintiff agrees that there has been a "deterioration" of her relationship with Attorney Willoughby, and that she has "no objections to Attorney Willoughby withdrawing from this case."  (Doc. 87 at 1.)  She requests that Attorney Willoughby "provide me with all written and oral communications between himself and all current and/or prior representatives of Defense Counsel."  (*Id*. at 2.)

### A.      Legal Standard

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the

State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. Local Rule 182(d).  Rule of Professional Conduct 1.16(b)(6) provides that an attorney may request permission to withdraw if the client "knowingly and freely assents to termination of the representation."  Grounds for withdrawal also exist where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. Rule Prof. Conduct 1.16(b)(4).  Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[1]

The decision to grant or deny a motion to withdraw is within the court's discretion.  *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

**B.    Analysis**

First, Attorney Willoughby complied with this Court's Local Rule 182(d).  He provided Plaintiff notice of his intent to withdraw prior to filing his motion and served Plaintiff a copy via email and U.S. Mail.  (*See* Doc. 82 at 8.  *See also* Doc. 87 at 4 (acknowledgment by Plaintiff of Attorney Willoughby's intent to withdraw prior to motion filing).)

Next, Attorney Willoughby's motion demonstrates the substantive requirements for withdrawal under the Rules of Professional Conduct.  Plaintiff has "knowingly and freely assent[ed] to termination of the representation," as evidenced by her response to the motion (*see* Doc. 87).  Cal. Rule of Prof. Conduct 1.16(b)(6); *Hopson v. Nove Plaza, LLC*, Case No. 1:17-cv-01746-AWI-SAB, 2018 WL 5310780, at *2 (E.D. Cal. Oct. 25, 2018).  Attorney Willoughby avers that the termination is the result of a "breakdown in the attorney-client relationship and communication" that, as described, renders it unreasonably difficult for Attorney Willoughby to represent Plaintiff effectively.  *See* Cal. Rule of Prof. Conduct 1.16(b)(4).  *See also Williams v. Troehler*, No. 1:08–

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients upon the termination of the representation.

cv–01523–OWW–GSA, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010)  ("Some courts have found that a client's inability to get along and cooperate with counsel may justify an attorney's withdrawal.") (listing cases finding failure to cooperate is grounds for withdrawal).

The Court also finds Attorney Willoughby has taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d). As set forth above, he informed Plaintiff of the intent to file a motion to withdraw, to which Plaintiff has agreed.  Further, the Court will order Attorney Willoughby to provide all applicable funds and "client materials and property" to Plaintiff pursuant to Rule 1.16(e) following his withdrawal, which addresses Plaintiff's request for "all written and oral communications" between Attorney Willoughby and defense counsel.  *See* Cal. Rule of Prof. Conduct 1.16(e).

Finally, with respect to whether CDCR will be prejudiced by the withdrawal, the Court observes that CDCR has not opposed the motion.  The parties have also stipulated to a modification of the scheduling order, which can be further modified as appropriate, and CDCR's recently filed motion for terminating sanctions (Doc. 89) remains pending.

For the reasons set forth above, the Court shall grant the motion to withdraw.  The Court notes that upon her attorney's withdrawal, Plaintiff will be proceeding *pro se* and will be responsible for the timely prosecution of the action.  A failure to comply with an order of the Court may result in sanctions, including dismissal of this action.

### IV.     CONCLUSION AND ORDER

For the foregoing reasons, it IS HEREBY ORDERED that:

1. The hearing set for May 22, 2024 (*see* Doc. 84) is VACATED;

2. The motion to withdraw (Doc. 82) is GRANTED;

3. The Clerk of Court is ORDERED to RELIEVE W. Anthony Willoughby, Esq., of Willoughby & Associates, as attorney for Plaintiff June M. Domino;

4. **Within two (2) days of the date of this order**, Attorney Willoughby SHALL send to Plaintiff via U.S. mail all applicable funds and "client materials and property" in accordance with Rule of Professional Conduct 1.16(e);

5. Attorney Willoughby SHALL serve a copy of this order on Plaintiff via U.S. mail

1    <u>and</u> E-mail and INFORM Plaintiff that he has withdrawn.  **Within two (2) days of**

2    **the date of the order**, Attorney Willoughby SHALL file a declaration certifying (a)

3    proof of service of this order on Plaintiff via U.S. mail and E-mail; and (b) return of

4    all Rule 1.16(e) items to her; and

5    6.       The Clerk of Court SHALL UPDATE THE DOCKET to reflect Plaintiff's *pro se*

6    status and her current address (*see* Doc. 87) and SHALL serve this order upon her at

7    that address.

8    IT IS SO ORDERED.

9    Dated:   **May 13, 2024**                          /s/ *Sheila K. Oberto*

10                                                       UNITED STATES MAGISTRATE JUDGE