IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE DOMINO, | § § § |
| Plaintiff, | § § |
| v. | §  CIVIL ACTION NO. 1:19-1790-LHR |
| | § |
| CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES, *et al.*, | § § § |
| Defendants. | § § § |

**MEMORANDUM AND ORDER**

In 2019, June Domino sued her former employer, the California Correctional Healthcare Services, as well as several individual employees, asserting claims for discrimination and retaliation under Title VII, § 1981, § 1983, and state laws. (Docket Entry Nos. 1, 42). In 2022, the court dismissed three of the causes of action for failure to prosecute and failure to obey a court order. (Docket Entry No. 72).   The case then sat for two years.

On April 15, 2024, Ms. Domino's attorney moved to withdraw.  The court granted the motion on May 14, 2024. (Docket Entry No. 94). The court also granted the motion for a different attorney to withdraw from representing Ms. Domino on May 11, 2024, but that attorney had not been representing Ms. Domino for some time and had remained counsel of record by mistake. (Docket Entry Nos. 91, 93). On May 8, 2024, the remaining defendant moved for terminating sanctions on the basis that Ms. Domino and her attorneys had failed to respond to discovery requests served February 23, 2024, or take other steps to prosecute the case. (Docket Entry No. 89). On May 15, 2024, the court ordered Ms. Domino to respond to the motion for terminating sanctions no later than 21 days after service of the court's order, which should have resulted in a

response no later than June 14, 2024. The court's docket sheet shows that it took extra steps to ensure prompt service by mail. (Docket Entry No. 96).

Ms. Domino did not respond to the motion for terminating sanctions. The court held a hearing on June 26, 2024, to hear arguments from the parties on the motion for terminating sanctions. Based on the motion, the hearing, the record, and the applicable law, the court grants the motion for terminating sanctions. Final judgment is separately entered. The reasons are set out below.

I.      The Standard for Terminating Sanctions

A district court may dismiss an action as a sanction for the party's failure to comply with discovery or other court orders. See Fed. R. Civ. Pro. 37(b)(2)(A)(v), (d). "Rule 37(b)(2)(C) allows dismissal for failure to comply with discovery plans and orders, and Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Only "willfulness, bad faith, and fault" in litigation or discovery conduct that is within the party's control justify terminating sanctions. *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). The Ninth Circuit instructs courts to consider five factors to determine whether a case-dispositive sanction under Rule 37(b)(2) is just. A court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it

tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1096.

**II.     Analysis**

The first two factors for terminating sanctions weigh in favor of granting the sanction.  This case has been pending for five years.  The courts and the public have an interest in the expeditious resolution of litigation.  This interest favors dismissal when the plaintiff does not respond to discovery and is not fulfilling her obligation to prosecute her claims.  There is no risk of prejudice to the defendants in dismissing the case. While public policy interest in resolving cases on the merits weighs against dismissal, the fifth and most important factor weighs in favor of granting terminating sanctions.

The record shows Ms. Domino failed to respond to the defendants' interrogatories and requests for production served on February 23, 2024. (Docket Entry No. 89-1 at 3). She refused to comply with a deposition subpoena served on the same date, commanding her appearance on March 20, 2024. (*Id.*).  When the defendants sought relief from the court in the form of a terminating sanction, Ms. Domino failed to respond to that motion.  When the court ordered Ms. Domingo to respond to that motion by a certain date, she failed to do so.  Ms. Domino has failed to respond to the court's orders or otherwise prosecute her case. (Docket Entry Nos. 32, 35, 38, 72).

At the court hearing held by zoom on June 26, 2024, Ms. Domino claimed that her failure to comply was the fault of her counsel, who filed his motion to withdraw on April 15, 2024, and was granted leave to withdraw on May 14, 2024.  Ms. Domino argued that she had drafted responses to the long outstanding discovery requests, but she could not explain why those responses had not been submitted when she had counsel or when she was representing herself.

3

"Terminating sanctions may be appropriate even if disobedience of the court order is the fault of the party's attorney alone." *Smith v. Cnty. of Sacramento*, No. 19-CV-01426, 2021 WL 1985450, at *2 (E.D. Cal. May 18, 2021). It has been over a month since her counsel withdrew, but Ms. Domino has made no attempt to fulfill her discovery obligations since representing herself.

This is not the only time Ms. Domino has failed to fulfill her obligations in this case. Ms. Domino was instructed by the court to respond to the motion for terminating sanctions by a given date and failed to do so. The court served the order on Ms. Domino at her address on file, which Ms. Domino confirmed was her correct address at the hearing. Ms. Domino claimed that she did not receive the court's order requiring her to respond to the motion for terminating sanctions by a certain date.  That argument is not credible.  Ms. Domino had earlier received mail sent by the court to that address. The Ninth Circuit has held that "proof of proper mailing—including by testimonial or circumstantial evidence—gives rise to a rebuttable presumption that the document was physically delivered to the addressee in the time such a mailing would ordinarily take to arrive."   *See Baldwin v. United States*, 921 F.3d 836, 840 (9th Cir. 2019).  Ms. Domino has not rebutted that presumption.

Ms. Domino had some of the claims in her case dismissed for want of prosecution in 2022. The court had warned her that she faced the dismissal of the remaining claims if she failed to prosecute this case or respond to discovery or comply with court orders.  (Docket Entry No. 72). The court has tried the lesser sanction of partial dismissal and has warned Ms. Domino, who has continued to fail to comply with her discovery obligations and prosecute this case.  None of those steps remedied the repeated failures to respond to discovery and prosecute the case.

The remaining defendant's motion for terminating sanctions, (Docket Entry No. 89), is

granted. This case is dismissed, with prejudice.  Final judgment is separately entered.

SIGNED on July 3, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge